# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAKOSCH** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-745** |
| **SIEMENS CORPORATION** | **SECTION: "G"(4)** |

## ORDER AND REASONS

In this litigation, *pro se* Plaintiff Hanno Kakosch asserts a multitude of claims against forty-one individual and corporate Defendants.[1] Pending before the Court is a "Motion to Dismiss the Complaint"[2] filed by Defendants Joe Kaeser, Klaus Kleinfeld, and Gerhard Cromme ("Defendants"), and a "Motion to Dismiss"[3] filed by Defendant George W. Bush. Having reviewed the complaint, the memoranda in support, the memoranda in opposition, and the applicable law, the Court will: (1) grant the motions in part, to the extent that they urge the Court to dismiss Plaintiff's claims as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2) or based on *res judicata*; (2) dismiss with prejudice Plaintiff's claims against all Defendants, since those claims are frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2); (3) deny Defendants' motion[4] in part, to the extent that it urges the Court to impose sanctions upon Plaintiff; and (4) deny the motions as moot in all other respects.

---

[1] These Defendants are: Siemens Corporation, Siemens Industry, Inc., Siemens AG, Mr. Sedello, Mr. Potthof, Armin Beil, Heinrich von Pierer, Klaus Kleinfeld, Friedrich Regenfelder, Dirk Borchardt, Dirk Kretzschmar, Jurgen Cuje, Mr. Klein, Mr. Kogel, Mr. Frenz, Mr. Froehlich, Mr. Krause, Mr. Schmidt, Christoph Noss, Allen Silverman, Mathias Horn, Werner Reutebuch, Mrs. McGregor, Christoph Studer, Mrs. Ford, Kai Fryder, Herbert Kaysen, Friedericke von Buddenbrock, Michael Ullrich, Sarka Causby, Martin Schwarz, Mr. Breitschopf, Mr. Schroeder, Peter Gauweiler, George W. Bush, Franz Prinz von Bayern, Guenther Beckstein, Joe Kaeser, and Mr. Cromme.

[2] Rec. Doc. 21.

[3] Rec. Doc. 63.

[4] Rec. Doc. 21.

# I. Background

## A.    *Factual Background*

In his complaint, Plaintiff  asserts "Criminal Civil RICO" claims against "Siemens Corporation and their acting people,"[5] claiming that Siemens Corporation engaged in "racketeering activity" and "retaliated" against him for "blowing the whistle."[6] Plaintiff asserts that:

> The described level 3 crime gang is comfortably money laundering stolen WWII gold until today and seem [sic] to have created an anti democratic, brutal, and repressive Holy Roman Empire business dictatorship of Bavarian-Texas Nation together with the Bavarian King or better successor.[7]

Plaintiff describes multiple alleged "retaliations" against him, including being "blacklisted" and "excluded from society and jobs,"[8] as well as "insult, threat, coercion, abuse of dominant position in the market, fraud, defamation, extortion and blackmail, slander, signature fraud, money laundering, threats, recruiting for a organized crime group organization, insult, libel, death threat, and economical attacks like fraud etc."[9]

In addition to a range of allegations connecting various historical figures and events to the alleged "racketeering organization,"[10] Plaintiff's 222-page complaint contains diagrams showing some Defendants' names along with arrows pointing to "retaliations" allegedly committed against

---

[5] Rec. Doc. 1 at p. 9.

[6] *Id.* at pp. 9–10.

[7] *Id.* at pp. 15–16.

[8] *Id.* at pp. 25–30.

[9] *Id.* at p. 33.

[10] *See, e.g. Id.* at pp.36–40.

him.[11] To redress these alleged retaliations, Plaintiff urges the Court to: (1) order Siemens to pay damages amounting to several billion Euro; (2) "confiscate[] the private property" of Siemens; (3) "deny" Siemens "the right to call in lawyers for their defense;"(4) restrain or enjoin Siemens from transferring "potentially forfeitable property;" and (5) sanction Defendants "for their behavior and actions committed against [him];" and (6) sentence Defendants to prison terms ranging from 20 years to 600 years each.[12]

## B.    *Procedural Background*

Plaintiff filed a complaint in this matter on March 5, 2014.[13] Defendants filed a "motion to dismiss" on July 15, 2014.[14] Plaintiff filed an opposition to that motion on July 25, 2014.[15] On August 1, 2014, Plaintiff filed a "Motion for Leave to File a Reply to the Defendant's Response;"[16] the Court granted Plaintiff leave on August 7, 2014.[17] On August 5, 2014, Plaintiff filed a "Motion for Leave to File Reply to Motion to Dismiss;"[18] the Court granted Plaintiff leave on August 7,

---

[11] *See, e.g. Id.* at p. 41.

[12] *Id.* at pp. 44-45.

[13] Rec. Doc. 1.

[14] Rec. Doc. 21.

[15] Rec. Doc. 29.

[16] Rec. Doc. 32.

[17] Rec. Doc. 37. Plaintiff did not identify a "proposed pleading" in his motion for leave to file, and Plaintiff's brief therefore was not separately listed on the docket, although it is included with the granted motion for leave to file. *See* Rec. Doc. 32.

[18] Rec. Doc. 34.

2014.[19] On August 7, 2014, with leave of Court, Plaintiff filed a brief in further opposition to Defendants' motion.[20] On August 22, 2014, with leave of Court, Defendants filed a reply in further support of their motion.[21] On September 8, 2014, the Court granted Plaintiff leave to file a sur-reply and a supplemental opposition.[22] On September 16, 2014, Plaintiff filed a sur-reply, which was marked as deficient by the Clerk of Court.[23] Plaintiff did not remedy the deficiency by the October 7, 2014 due date, but instead again requested the Court's leave to file a sur-reply on October 9, 2014.[24] The Court granted Plaintiff's motion on October 10, 2014.[25] On January 16, 2015, with leave of Court, Defendants filed two "Memorand[a] of Supplemental Authority"[26] in further support of their motion.

On December 2, 2014, former President Bush filed a motion to dismiss.[27] On January 9,

---

[19] Rec. Doc. 35. Plaintiff did not identify a "proposed pleading" in his motion for leave to file, and Plaintiff's brief therefore was not separately listed on the docket, although it is included with the granted motion for leave to file. *See* Rec. Doc. 34.

[20] Rec. Doc. 36.

[21] Rec. Doc. 43.

[22] Rec. Doc. 52; Rec. Doc. 53. Plaintiff did not identify a "proposed pleading" in his motions for leave to file, and Plaintiff's briefs therefore were not separately listed on the docket, although they are included with the granted motion for leave to file. *See* Rec. Doc. 50; Rec. Doc. 51.

[23] Rec. Doc. 55.

[24] Rec. Doc. 58.

[25] Rec. Doc. 60. Plaintiff did not identify a "proposed pleading" in his motion for leave to file, and Plaintiff's brief therefore was not separately listed on the docket, although it is included with the granted motion for leave to file. *See* Rec. Doc. 58.

[26] Rec. Doc. 72; Rec. Doc. 74.

[27] Rec. Doc. 63.

2015, the Court granted Kakosch leave to file an out-of-time response to Defendant's motion.[28] On January 16, 2015, Defendants, with leave of Court, filed two supplemental memoranda in further support of their motion.[29]

## II. Parties' Arguments

A.   ***Defendants' "Motion to Dismiss the Complaint"***

1.   **Motion[30]**

In support of their "Motion to Dismiss the Complaint," Defendants assert that Plaintiff's complaint: (1) is barred by *res judicata* and should be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B); (2) should be dismissed for failure to comply with Federal Rule of Civil Procedure 8; (3) should be dismissed under Rule 12(b)(6) for failure to state a claim; (4) should be dismissed because Kaeser and Cromme have not been properly served; and (5) should be dismissed as to Kaeser and Cromme for lack of personal jurisdiction.[31] Additionally, Defendants assert that the Court should enter an order precluding Plaintiff from "re-filing the same or similar claims against the same defendants."[32]

a.   **Frivolous and Malicious**

Defendants contend that Plaintiff's complaint is barred by *res judicata* and should be dismissed as frivolous because the United States District Court for the District of Columbia

---

[28] Rec. Doc. 69.

[29] Rec. Doc. 74.

[30] Rec. Doc. 21.

[31] Rec. Doc. 21–1 at p. 2.

[32] *Id.*

5

"previously dismissed as frivolous a virtually identical complaint that Plaintiff filed in that court."[33] Defendants assert, in the alternative, that Plaintiff's claims should be dismissed even if they are not barred by *res judicata*, because they are "baseless," "wholly incredible," "delusional," "fanciful," and, in many cases "as unintelligible as they are irrational."[34] In support of this assertion, Defendants quote passages from Plaintiff's complaint that assert, among other things, that:

> The Siemens corporation and their acting people, which is, for what ever reason, located in the former headquarter of the Nazi-Movement, Munich, and the former main palace of the Bavarian King in Munich, Germany, is . . . running a sophisticated international suppression system, see. e.g. the Blacklisting System, which would make the Bavarian and Texan (American-Bavarian Budweizer Beer, Bush Family as example etc.) investors of the Nazi-Movement go pale with envy. It is questionable if they have set it up just for [Plaintiff]. . .

> Due to his historical well document activities, the strong relation with the former Southern States of the United States, which started the civil war, and his recent reactions to Mr. Kakosch requests, Mr. Schroeder and his family matches to 150% into the organized crime group, which he calls 'Holy West Roman Empire of Bavarian Catholic-Texas Nation' which seeks up to today retaliation for the lost civil war in USA 1861-1865 and the lost war in Germany 1866 and matches perfectly with their long term goals. 'Revenge for Koenigsgratz 1886'!"[35]

According to Defendants, Section 1915(e)(2)(B) is "designed specifically to dispose of complaints containing . . . allegations such as these."[36] Indeed, Defendants maintain, "[i]t would be imprudent to drain the Court's and private parties' resources litigating claims that are so patently frivolous," and courts within the Fifth Circuit have "routinely dismissed" similar complaints.[37]

---

[33] *Id.* at pp. 12–13.

[34] *Id.* at pp. 13–14.

[35] *Id.* at pp. 14–15.

[36] *Id.* at p. 15.

[37] *Id.*

Defendants maintain that Plaintiff's complaint is not only frivolous, but also malicious, because he is "abusing his cost-free access to the U.S. judicial system by simultaneously pressing identical claims in multiple venues," including the District of Idaho and the Northern District of Illinois, "to relitigate claims that the District of Columbia previously dismissed as frivolous."[38] Such conduct, Defendants maintain, is malicious and warrants dismissal of a complaint pursuant to Section 1915(e)(2)(B).

### b.      Federal Rule of Civil Procedure 8

Defendants assert, in the alternative, the Plaintiff's complaint should be dismissed because it lacks "a short and plain statement of the claim showing that the pleader is entitled to relief" and does not make "simple, concise, and direct" allegations, as Federal Rule of Civil Procedure 8 requires, and thereby fails to provide fair notice of Plaintiff's claim.[39] According to Defendants, Plaintiff's complaint is "so confusing, opaque, and inscrutable that it is virtually impossible to identify who the defendants are, the exact cause of action that Plaintiff is asserting, or the theory under which Plaintiff believes he is entitled to relief."[40] Defendants argue that although Plaintiff "has identified a laundry list of more than 30 defendants," he has "made no effort to distinguish what conduct applies to which defendant."[41] Defendants assert that this Court "routinely dismisses complaints under Rule 8 where their substance, if any, is obscured behind a veil of confused and

---

[38] *Id.* at p. 16.

[39] *Id.* at pp. 16–17.

[40] *Id.* at p. 17.

[41] *Id.*

redundant verbosity," and should take the same action here.[42]

### c.    Failure to State a Claim

Defendants maintain that to the extent Plaintiff's complaint "contains any comprehensible allegations," Plaintiff has failed to state a plausible claim to relief and "has specifically failed to plead the requisite elements of a RICO claim as against anyone, including Defendants."[43] Defendants assert that Plaintiff's "fanciful and irrational assertions leave no factual basis on which the Court can either conclude that there is more than a speculative right to relief or draw a reasonable inference that Defendants are liable for any misconduct, let alone liable for a RICO violation."[44] Specifically, Defendants argue, Plaintiff "has failed to sufficiently  allege a single predicate act (let alone the two required) or how the predicate acts are "related" and have "continuity" to establish the requisite "pattern of racketeering activity."[45] Likewise, Defendants assert, Plaintiff "has not coherently alleged facts identifying the supposed 'enterprise' or how the defendants acted with any common purpose or continuity of structure or personnel," since, "label[ing] a long list of seemingly unrelated defendants as part of an 'organized crime group'" does not amount to a "comprehensible factual basis for relief under RICO."[46] Further, Defendants argue, Plaintiff's complaint lacks "actual factual allegations" regarding their role in any alleged wrongdoing, instead alleging only that: (1) Kaeser is identified as Siemens's CEO and as a board

---

[42] *Id.* at pp. 17–18.

[43] *Id.* at pp. 18–19.

[44] *Id.* at pp. 19–20.

[45] *Id.* at p. 20.

[46] *Id.* at p. 21.

member of Allianz AG; (2) that Kleinfeld "allegedly exchanged letters with Plaintiff in 2002," and "later became the 'CEO of Siemens and worked close together with Mr. Dr. Cromme;" and (3) that Cromme is "behind" the "Holy West-Roman Empire of Bavarian-Catholic-Texas Nation" and the "retaliations" against Plaintiff.[47]

### d.    Service

Defendants further argue that neither Kaeser nor Cromme were properly served with process, since Kaeser and Cromme do not live in Louisiana, since process was allegedly made upon them in Louisiana through individuals who are not authorized by law to accept service of process for them.[48]

### e.    Personal Jurisdiction

Finally, Defendants assert that Plaintiff's complaint should be dismissed as to Kaeser and Cromme because this Court lacks personal jurisdiction over them.[49] Defendants contend that, as foreign nationals being sued under federal law, Kaeser and Cromme may be amenable to this Court's jurisdiction only if such jurisdiction comports with Federal Rule of Civil Procedure 4(k)(2).[50] Here, Defendants assert, the exercise of personal jurisdiction over Kaeser and Cromme fails to comport with Rule 4(k)(2), because Plaintiff's complaint fails to allege that Kaeser and Cromme are not subject to the jurisdiction of any state's courts, and lacks factual allegations regarding Kaeser or Cromme's contacts with the United States, such that the Court could exercise specific or general

---

[47] *Id.* at pp. 21–22.

[48] *Id.* at pp. 22-23.

[49] *Id.* at 24.

[50] *Id.*

jurisdiction over them consistent with the Fifth Amendment's Due Process Clause.[51]

### f.    Order

Additionally, Defendants urge the Court to issue an order "enjoining Plaintiff from filing future complaints alleging the same frivolous claims," pursuant to Federal Rule of Civil Procedure 11 and the Court's "inherent power to deter vexatious filings."[52]

### 2.    Plaintiff's Opposition[53]

In opposition, Plaintiff argues that Defendants' motion "lacks arguable basis in fact and law."[54] Plaintiff contends that Siemens was previously investigated for bribery, and asserts that Defendants "try to ignore the reality, that they are already branded as worldwide bribery champion and liar and that there are still tortured and mistreated whistleblowers out there."[55] Plaintiff asserts "[i]t can be expected, that Siemens answers to the complaint point by point, witness by witness and evidence by evidence for all 240 pages, if they want to win back any credibility, instead of delivering a sprawling, disjoined, irrational answer, which confuses the facts of the complaint."[56] Plaintiff contends that "from the strategical point [sic] all mentioned crimes match extremely well into the provided and explained Racketeering Organisation," and that "the Level 3 of the

---

[51] *Id.* at pp. 24–27.

[52] *Id.* at p. 27.

[53] Rec. Doc. 29.

[54] Rec. Doc. 29 at p. 6.

[55] *Id.* at pp. 6–7.

[56] *Id.* at p. 7.

Racketeering Organisation counts the George Bush dynasty as their members."[57] In conclusion, Plaintiff argues that "the latest motion" should be "dismissed,"[58] and that "this amok running and severely criminal corporation gets . . . weed out [sic] and stopped."[59]

### 3. Plaintiff's Further Opposition[60]

In further opposition, Plaintiff asserts that "[t]he information that the case, which is now available in the court of Louisiana, was filed in the District of Columbia is wrong," since the Louisiana case "is based on completely new retaliations committed by Siemens and their acting people."[61] Plaintiff also makes the following contentions:

> Due to the fact that mail got intercepted, misdirected on the way to the court, never actually reached the court, or disappeared in the court, what can be shown with evidence, Mr. Kakosch has decided to send the case to several courts to be able to observe the interceptions and manipulations in detail. . .
>
> The case numbers for the Northern District of Illinois is not known to Mr. Kakosch. No case numbers were provided and no summons were sen[t] to the defendants yet. The case number for the District Court of Idaho is known, but there is no information about any status of the court case available, which is overdue several month. How can the defendants know the case numbers even before the plaintiff gets any knowledge about them? How can the defendant know that the case is pending even if the plaintiff has no knowledge . . . Does this not mean that mails and court information are highly intercepted an manipulated?[62]

---

[57] *Id.* at p. 8.

[58] Plaintiff uses the word "dismissed" here, but, viewed in context, it appears that Plaintiff urges the Court to *deny* the pending motion.

[59] *Id.* at p. 9.

[60] Rec. Doc. 32. Plaintiff's "Motion for Leave to File a Reply to the Defendant's Response," Rec. Doc. 32, appears to be identical to the brief attached to Plaintiff's "Motion," Rec. Doc. 36.

[61] Rec. Doc. 32 at p. 6.

[62] *Id.* at p. 7.

Next, apparently referring to his prior case in the District of Columbia, Plaintiff avers that the conduct of the Court in that case was "highly questionable and remind of despotism."[63] Plaintiff further argues that "Siemens and acting people are not putting any evidence in regard into the retaliations into questions, which means they accept their full responsibility."[64] Finally, Plaintiff asserts that "[t]here is clearly a public interest" in "hunt[ing] down the organized crime group Siemens[.]"[65]

### 4.    Plaintiff's Additional Opposition[66]

In further opposition to Defendants' motion, Plaintiff argues that Defendants' motion should be dismissed as malicious and frivolous pursuant to Section 1915(a)(2)(B)[67] and that Defendants' motion should be dismissed pursuant to Federal Rule of Civil Procedure 8.[68] Plaintiff argues that the present case is "completely fresh due to very new retaliations against Mr. Kakosch conducted by Siemens,"[69] and also contends that "Siemens and acting people are not putting any evidence in regard to the retaliations of level 0 and level 2 into questions, which means that they accept their full responsibility for their actions."[70]

---

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] Rec. Doc. 34.

[67] *Id.* at p. 7.

[68] *Id.*

[69] *Id.* at p. 11.

[70] *Id.* at p. 13.

### a.      Federal Rule of Civil Procedure 8

Apparently addressing Defendants' Rule 8 arguments, Plaintiff asserts that Defendants have "not read the complaint," and argues that his complaint contains "detailed information" about Defendants.[71] Plaintiff also maintains that "it is not necessary to distinguish between [Defendants]," because Defendants "act as one entity."[72]

### b.      Federal Rule of Civil Procedure 12(b)(6)

Next, evidently addressing Defendants' Rule 12(b)(6) arguments, Plaintiff argues that he has provided "four racketeering tables to explain the relationship between the different retaliations and to show the racketeering enterprise Siemens," and that he further submitted "as evidence" a 140-page RICO statement, including a "complete chapter of his book[.]"[73] Further, Plaintiff asserts, his allegations are sufficient: (1) as to Kaeser because Kaiser "has the full responsibility as CEO of Siemens and the interwoven Racketeering Enterprise," and because Plaintiff has described facts relating to the "last retaliation;" (2) as to Kleinfeld, because Kleinfeld is responsible "due to his former high level position as CEO;" and (3) as to Cromme, because his complaint contains a "comprehensive description" of his "leadership role" in the alleged illegal enterprise.[74]

### c.      Service

Turning next to Defendants' argument that Cromme and Kaeser have not been properly served, Plaintiff argues that "Siemens is a company incorporated in Louisiana," of which Kaeser is

---

[71] *Id.* at p. 14.

[72] *Id.*

[73] *Id.* at p. 15.

[74] *Id.* at pp. 15–16.

CEO and Cromme a member of the advisory board, and that "[i]t shouldn't be the problem of the victim [Plaintiff], that Siemens has not established a worldwide system to represent their leadership properly in their many local cooperation's [sic]," and that "[i]f they don't know their local staff . . . who knows them and especially what do they do?"[75]

### d. Personal Jurisdiction

Addressing Defendants' argument that the Court lacks personal jurisdiction over Cromme and Kaeser, Plaintiff argues that Cromme has minimum contacts with the United States because "Cromme has spent 2 billion on US lawyers to handle the . . . investigation" of Siemens, and because "[m]any retaliations have an US [sic] impact."[76]

### e. Order

Finally, in opposition to Defendants' request for an order enjoining Plaintiff from filing further lawsuits against them, Plaintiff asserts that "every new retaliation is a new lawsuit," and that Defendants, in seeking to prevent further lawsuits, are "ask[ing] for legal permission to abuse and harass [him] further."[77]

### 5. Defendants' Reply[78]

In further support of their motion, Defendants assert that Plaintiff has not rebutted any of their arguments, for the following reasons.

---

[75] *Id.* at p. 17.

[76] *Id.*

[77] *Id.* at p. 18.

[78] Rec. Doc. 43.

### a.    Res Judicata

Defendants reaver that Plaintiff's complaint is "virtually identical" to the complaint filed in his dismissed District of Columbia action, and that Plaintiff "cannot circumvent the *res judicata* effect of the District of Columbia's judgment by attempting to embellish his dismissed complaint with a redundant introductory section and two additional 'retaliations' of the same type as those listed in his prior complaint."[79]

### b.    Frivolous and Malicious

Defendants assert that Plaintiff has failed to rebut their argument that his complaint is frivolous and malicious since he provides no rational explanation for his allegations, and instead insists only "that his incredible claims are true."[80] Further, Defendants contend, Plaintiff "assert[s] here the same civil cause of action for a RICO violation, based on virtually identical allegations, that was the subject of his previously dismissed lawsuit," and that "minor additions or embellishments do not alter the thrust of his case, which was already rejected by the District of Columbia."[81] Consequently, Defendants argue, his complaint should be dismissed as malicious under Section 1915(e)(2)(B).[82]

Defendants further characterize as "delusional" and "paranoid" Plaintiff's contention that he filed multiple lawsuits in order to "observe the interceptions and manipulations" leading to the

---

[79] *Id.* at p. 7.

[80] *Id.*

[81] *Id.* at p. 8.

[82] *Id.*

alleged disappearance of his mail.[83] Defendants maintain that this assertion "fails to provide a valid basis for harassing Defendants with duplicative lawsuits in various forums across the country."[84]

### c.    Rules 8 and 12

Defendants aver that Plaintiff's complaint "is precisely the type that should be—and has been repeatedly—dismissed by this Court under Rule 8," since it "does not contain a coherent and concise statement of the purported claims, the theory or grounds on which those claims are based, or the conduct for which each Defendant is supposedly liable."[85] Defendants further reaver that neither Plaintiff's "charts" and "levels" of racketeering, nor Defendant's RICO Statement, allege the elements of a RICO violation.[86]

### d.    Service

Defendants maintain that Plaintiff has not carried his burden of establishing that Kaeser and Cromme were properly served, and that since Plaintiff has not done so within 120 days after filing his complaint, his claims against Kaeser and Cromme should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).[87]

### e.    Personal Jurisdiction

Defendants argue that Plaintiff has not established that this Court has personal jurisdiction over Kaeser and Cromme, because "a defendant's employer contacts with the jurisdiction cannot

---

[83] *Id.* at p. 9.

[84] *Id.*

[85] *Id.* at p. 10.

[86] *Id.* at p. 11.

[87] *Id.* at p. 12.

be imputed to the defendant," and because "the mere retention of attorneys in a forum, without more, does not qualify as a "minimum contact" sufficient to establish personal jurisdiction."[88]

### f.    Order

Finally, Defendants maintain that Plaintiff has "filed essentially the same suit four times," and that, absent "some protective order from the Court," he will "unquestionably file additional complaints asserting the same claims," thereby "compelling each defendant to expend additional resources as they file responsive pleadings," and "straining the resources of this Court and others."[89] Therefore, Defendants argue, "a tailored order precluding Plaintiff from filing the same claims against the same defendant is both appropriate and necessary."[90]

### 6.    Plaintiff's Sur-Replies[91]

In further opposition to Defendants' motion, Plaintiff submits two briefs that appear to be at least nearly, if not entirely, identical to briefs he has already filed, save for dates written on the documents' final pages.[92] Plaintiff also submits a third brief, in which he asserts that an alleged declassified FBI report supports his allegations,[93] and contends, in brief, that the alleged racketeering organization is tied to Germany's Nazi regime and to acts of terrorism.[94]

---

[88] *Id.* at p. 13.

[89] *Id.* at p. 14.

[90] *Id.*

[91] Rec. Doc. 50; Rec. Doc. 51; Rec. Doc. 58.

[92] *Compare* Rec. Doc. 50 *with* Rec. Doc. 29; Rec. Doc. 34 *with* Rec. Doc. 51.

[93] Rec. Doc. 58 at pp. 6–7.

[94] *Id.* at pp. 6–8.

### 7.    Defendants' Memoranda of Supplemental Authority[95]

In further support of their motion to dismiss, Defendants assert that since they filed their motion to dismiss, two district courts—the District of Idaho and the Northern District of Illinois—have, like the United States District Court for the District of Columbia, found Plaintiff's claims to be frivolous.[96] Defendants contend that these courts noted the similarity between Plaintiff's allegations in the cases before them and Plaintiff's allegations in the case previously dismissed as frivolous by the District of Columbia, and urge this Court to hold likewise.[97]

### B.    *Former President Bush's Motion to Dismiss*

### 1.    Motion[98]

In his "Motion to Dismiss," former President Bush asserts that this Court should dismiss Plaintiff's claims as frivolous pursuant to § 1915 or, alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6),[99] because the complaint fails to make "rational allegations" and "wholly fails to allege the essential elements of any one . . . of the crimes enumerated in [the RICO statute]."[100] Specifically, former President Bush argues, the complaint "makes nonsensical and fantastic allegations, but does not make allegations sufficient to state violations of any of the particularized fraud, theft, or property crimes" that constitute "racketeering

---

[95] Rec. Doc. 72; Rec. Doc. 74.

[96] Rec. Doc. 72 at p. 1; Rec. Doc. 74 at p. 1.

[97] Rec. Doc. 72 at pp. 1–2; Rec. Doc. 74 at pp. 2–3.

[98] Rec. Doc. 63.

[99] Rec. Doc. 63–1 at p. 1.

[100] *Id.* at p. 4.

18

activity" as defined by RICO.[101] Therefore, former President Bush contends, Plaintiff's claims against him should be dismissed.[102]

### 2.      Plaintiff's Opposition[103]

In opposition to former President Bush's motion, Plaintiff repeats many of the allegations made in his complaint, and also argues that the Government is "complicit" with the crimes he alleges due to its representation of former President Bush.[104] Referring to an unidentified "paralegal Mr. Callahan," Plaintiff argues that former President Bush "got stripped off [sic] his special immunity rights already a long time ago,"[105] argues that § 1915 "seems to be an attempt of the RICO organization or the 'rule of men' club to dismiss the US legal system and 'rule of law itself,'"[106] repeats many of the allegations made in his complaint, and contends that "[t]he paralegal Mr. Callahan . . . failed to rebut any of the 30 RICO retaliations, sophisticated racketeering tables, about 1000 pages of evidence and dozens of witnesses," and either "failed to understand" or failed to rebut other material he filed.[107] Plaintiff asserts that former President Bush, like other defendants here, could have intervened on his behalf, but did not.[108]

---

[101] *Id.* at pp. 4–5.

[102] *Id.* at p. 5.

[103] Rec. Doc. 66.

[104] *Id.* at p. 6.

[105] *Id.* at pp. 6–7.

[106] *Id.* at p. 7.

[107] *Id.* at pp. 7–9.

[108] *Id.* at p. 10.

### III. Law and Analysis

**A.**     *28 U.S.C. § 1915*

    **1.**     **Legal Standard**

Defendants urge this Court to dismiss Plaintiff's complaint because it is barred by *res judicata* and is frivolous and malicious within the meaning of 28 U.S.C. § 1915. This statute establishes procedures governing litigation by parties *in forma pauperis* (such as Plaintiff here) and provides, at § 1915(e)(2), that:

> (2)    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A)    the allegation of poverty is untrue; or
>
>     (B)    the action or appeal–
>
>         (i)    is frivolous or malicious;
>         (ii)    fails to state a claim on which relief may be granted; or
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.[109]

Generally, documents filed *pro se* "are to be liberally construed," and *pro se* complaints "held to less stringent standards than formal pleadings drafted by lawyers."[110] Nonetheless, § 1915(e)(2) operates to discourage "the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants do not generally initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[111] Toward

---

[109] Many provisions of § 1915 set forth procedures governing *in forma pauperis* litigation by prisoners. Nonetheless, § 1915(e)(2) is applicable in cases involving non-prisoner *in forma pauperis* litigants. *See, e.g. Nixon v. Abbott*, No. 14-10262, — Fed. App'x ---- (5th Cir. Jan. 6, 2015) (per curiam) (noting that the district court "was authorized to dismiss the IFP civil suit 'at any time' based on a determination that the action was frivolous . . .").

[110] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[111] *Nietzke v. Williams*, 490 U.S. 319, 327 (1989).

that end, § 1915 provides that "frivolous or malicious" claims shall be dismissed.[112]

An *in forma pauperis* complaint is frivolous and shall be dismissed pursuant to § 1915 if it "lacks an arguable basis in law or fact."[113] A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory,"[114] and lacks arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."[115] Complaints alleging "fantastic or delusional scenarios" fall into the latter category.[116] A "malicious" complaint is also subject to dismissal pursuant to § 1915(e)(2). The Fifth Circuit has held that a complaint is "malicious" if it "duplicates allegations of another pending federal lawsuit by the same plaintiff."[117]

Defendants assert that Plaintiff's complaint is frivolous, malicious, and barred by *res judicata*, because other district courts have dismissed as frivolous "virtually identical" complaints filed by Plaintiff.[118] In *Marts v. Hines*, Fifth Circuit has held that "dismissals under the *in forma pauperis* statute . . . act[] not as dismissals on the merits, but, rather, as denials of *in forma pauperis* status," and therefore "may serve as *res judicata* for subsequent *in forma pauperis* filings."[119] A

---

[112] *See id.* ("To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. ").

[113] *Id.*

[114] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[115] *Id.*

[116] *Nietzke*, 490 U.S. at 327.

[117] *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

[118] Rec. Doc. 21–1 at p. 13.

[119] 117 F.3d 1504, 1505 (5th Cir. 1997).

prior dismissal on frivolousness grounds may therefore "have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions."[120]

Ordinarily, *res judicata* "must be pleaded as an affirmative defense" and addressed either at trial or on summary judgment.[121] However, the Fifth Circuit instructs that this rule has two exceptions: First, a district court may invoke *res judicata* on a *sua sponte* basis and dismiss an action where "both actions were brought before the same court;" Second, *res judicata* applies where "all of the relevant facts are contained in the record before [the Court] and are uncontroverted."[122]

### 2.   Analysis

#### a.   *Res Judicata*

The Court initially considers Defendants' allegations of *res judicata,* since *res judicata*, if applicable here, precludes subsequent determinations of the merits of Plaintiff's claims.[123] In the present case, Defendants have raised *res judicata* in a motion to dismiss, not as an affirmative defense in any responsive pleading. Therefore, *res judicata* will only apply at this stage in the

---

[120] *Id.* at 1505 n.8.

[121] *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.1 (5th Cir. 1977). *See also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n. 1 (5th Cir. 2004) ("*Res judicata* is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.").

[122] *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir.2001). *See also LaCroix v. Marshall County, Miss.*, 409 Fed. App'x 794, 798–99 (5th Cir. 2011) ("There are two exceptions to this general rule. The first . . . applies to 'actions [that] were brought before the same court[.]' . . . The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.").

[123] *See U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) ("Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or privies based on the same cause of action."); *Am. Furniture Co., Inc. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981) (" the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented.").

litigation if one of the two exceptions are present here. First, *res judicata* may apply when a subsequent action is brought before the same court.[124] The present case is Kakosch's first action before this Court; therefore, this exception does not apply.

Second, *res judicata* may apply when "all of the relevant facts are contained in the record before [the Court] and are uncontroverted."[125] In *American Furniture Co. Inc. v. International Accommodations Supply*, the Fifth Circuit held that this exception applied where the parties had participated in parallel proceedings in state and federal courts, and where the plaintiff, against whom *res judicata* applied, had "addesse[d] the existence of the state court proceedings and explicate[d] its involvement in those proceedings."[126]  Reasoning that the plaintiff could "claim no surprise or prejudice" arising from the application of *res judicata*, the Fifth Circuit held that the plaintiff's claim was precluded, notwithstanding the defendant's failure to plead *res judicata*.[127]

In briefing related to the present motion, Plaintiff represents that he has "decided to send the case to several courts" so that he could "observe" alleged "interceptions" of mail and other unspecified "manipulations."[128] Therefore, like the plaintiff in *American Furniture*, Plaintiff has addressed the existence of these other allegedly preclusive cases and explained his involvement in them. Further, Plaintiff's assertion that he purposefully filed "the case" in multiple courts so that he could "observe" alleged mail interceptions and other "manipulations" negates any possibility of

---

[124] *Mowbray ,*274 F.3d at 281.

[125] *Id.*

[126] 721 F.2d 478, 482 (5th Cir. 1981).

[127] *Id.* at 482–83.

[128] Rec. Doc. 36 at p. 7.

"surprise or prejudice" arising from the application of *res judicata* here. The Court therefore finds it appropriate to consider whether *res judicata* bars Plaintiff's present claims.

As of this writing, United States District Courts for the District of Idaho, the Northern District of Illinois, and the District of Columbia have all addressed complaints filed by Plaintiff. District Courts for the Northern District of Illinois and the District of Columbia have dismissed Plaintiff's claims as a frivolous. The Court now considers whether the dismissals in either of these two decisions bar the present action.

In *Kakosch v. Loscher* et al., Plaintiff filed a complaint with the United States District Court for the District of Columbia on November 30, 2012,[129] followed by a motion to proceed *in forma pauperis* on January 25, 2013.[130] The court dismissed Plaintiff's complaint as frivolous on June 13, 2013, reasoning that its "factual contentions are baseless and wholly incredible."[131] Plaintiff appealed, and the United States Court of Appeals for the District of Columbia Circuit affirmed the dismissal, concluding that the district court did not abuse its discretion in dismissing Plaintiff's complaint.[132]

In *Kakosch v. Siemens Industry* et al., Plaintiff filed a complaint and a motion to proceed *in forma pauperis* with the United States District Court for the Northern District of Illinois on June 4,

---

[129] No. 12-1951 (D.D.C.), Rec. Doc. 1.

[130] No. 12-1951 (D.D.C.) Rec. Doc. 3.

[131] No. 12-1951 (D.D.C.) Rec. Doc. 7.

[132] No. 13-7099 (D.C. Cir. Oct. 30, 2013).

2014.[133] The court dismissed Plaintiff's complaint as frivolous on January 9, 2015.[134] In its order

dismissing Plaintiff's complaint, that district court noted that Plaintiff invoked RICO and made

"claims of war crimes during the Second World War and of terrorist activities in Europe, which are

apparently linked to threats he perceives to have been made against him."[135] These claims, the court

found, "have been found to be frivolous by the District Court for the District of Columbia."[136] The

court further noted that Plaintiff, in the action before it, "add[ed] allegations of conspiracies to

terminate his employment from one position and to force him to take an undesirable project

assignment at another," but concluded that Plaintiff "ma[de] no allegation that would support an

inference that he, his employers, or his relationships with them were governed by the statute he cites

or any other United States law."[137] Therefore, the court held, Plaintiff's claim was frivolous, his

motion to file *in forma pauperis* would be denied, and his action would be dismissed.[138]

      In *U.S. v. Davenport*, the Fifth Circuit held that a prior judgment bars a subsequent action

pursuant to the doctrine of *res judicata*, where: (1) the parties are identical or in privity; (2) the

judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action

must have resulted in a final judgment on the merits; and (4) the same claim or cause of action was

---

[133] No. 14-4155 (N.D. Ill.), Rec. Doc. 1.

[134] No. 14-4155 (N.D. Ill), Rec. Doc. 7.

[135] *Id.* at p. 1.

[136] *Id.* (citing *Kakosch v. Loscher*, No. 12-1951, 2013 WL 2897366 (D.D.C. Jun. 13, 2013)).

[137] *Id.*

[138] *Id.* at p. 2.

at issue in both actions.[139]

Applying *Davenport* here, Plaintiff's complaint in the Northern District of Illinois case names the same defendants named here,[140] satisfying the first prong. Further, the United States District Court for the Northern District of Illinois is a United States District Court, competent, like this one, to adjudicate RICO claims, satisfying the second prong. Third, the district court dismissed Plaintiff's claims as frivolous, and the Fifth Circuit instructs that such dismissals "have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions,"[141] satisfying the third *res judicata* prong here. Finally, in both Plaintiff's Northern District of Illinois case and the present case, Plaintiff alleges claims under identical legal theories.[142] Indeed, Plaintiff's complaint in the present case appears to be nearly identical to his complaint in the Northern District of Illinois case.[143] Therefore, the fourth *res judicata* prong is satisfied, since the same claims were at issue in both the present action and the Northern District of Illinois action. Consequently, the Northern District of Illinois's dismissal for frivolousness operates as *res judicata* here, barring Plaintiff's present *in forma pauperis* claims.[144]

---

[139] 484 F.3d 321, 326 (5th Cir. 2007).

[140] *Compare* No. 14-4155 (N.D. Ill.) Rec. Doc. 1 at pp. 2–5 *with* No. 14-745 (E.D. La.) Rec. Doc. 1 at pp. 2–5.

[141] *Id.* at 1505 n.8.

[142] *Compare* 14-4155 (N.D. Ill.) Rec. Doc. 1 at pp. 59– 61 *with* No. 14-745 (E.D. La.) Rec. Doc. 1 at pp. 57–59.

[143] *Compare* 14-4155 (N.D. Ill.) Rec. Doc. 1; Rec. Doc. 1–1; Rec. Doc. 1--2 *with* No. 14-745 (E.D. La.) Rec. Doc. 1.

[144] Having found that the Northern District of Illinois's dismissal of Plaintiff's complaint precludes the present action, the Court need not consider whether the District of Columbia's dismissal also precludes it.

## 2.    Frivolousness

Even assuming, for the sake of argument, that Northern District of Illinois's dismissal did not bar Plaintiff's claims, dismissal would be appropriate here. Plaintiff's claims appear "fantastic or delusional"[145] and, despite having reviewed hundreds of pages filed by Plaintiff, and despite having freely granted Plaintiff leave to file further briefing in connection with the present motion, the Court finds that Plaintiff's claims are "clearly baseless,"[146] and therefore lack the requisite arguable basis in fact. Further, Plaintiff has, by his own representation, filed the same case in more than one district court, warranting dismissal of the present action as "malicious."[147]  Consequently, the Court will dismiss Plaintiff's action with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## B.    *Sanctions*

Defendants argue that this Court should restrain Plaintiff from filing further lawsuits in light of his "abuse of practice of repeatedly filing the same baseless action in numerous district courts."[148] In support of this assertion, Defendants cite *Farguson v. Mbank Houston, N.A.*, in which the Fifth Circuit affirmed the district court's order imposing monetary sanctions and an injunction against further filings upon a *pro se* plaintiff who filed successive frivolous actions in the same district court.[149]  Noting that although it was not the court's desire to "deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion

---

[145] *See Nietzke*, 490 U.S. at 327.

[146] *Id.*

[147] *Pittman,* 980 F.2d at 995 (Holding that an action is "malicious" within the meaning of § 1915 if it "duplicates allegations of another pending federal lawsuit by the same plaintiff.").

[148] Rec. Doc. 21–1 at pp. 27–28.

[149] 808 F.2d 358 (5th Cir. 1986).

for its extension, modification, or reversal," the court reasoned that the "manifestly and patently frivolous" claims made in the case before it justified the district court's actions.[150] In affirming the imposition of sanctions, the Fifth Circuit reasoned that the plaintiff's status as a *pro se* litigant offered him "no impenetrable shield," since *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[151]

Addressing the sanctions imposed, the court noted that "where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered."[152] In the case before it, the court held, the injunction imposed was "specific and limited," relating "only to the same claims against the same defendants," and capable of allowing "claims against the[] same parties" with "the simple expedient of leave of court."[153]

In the present case, Plaintiff's claims have previously been dismissed as frivolous by two district courts, and found frivolous by a Magistrate Judge in a third district court. In the present Order, this Court becomes the third district court to dismiss what appear to be essentially identical filings on frivolousness grounds.  Having now devoted considerable resources to Plaintiff's claims, as these other courts have done, and having been informed by Plaintiff that he has filed multiple lawsuits apparently to test the "interceptions" and "manipulations" he believes to be at work, the Court recognizes that sanctions may be in order here. Nonetheless, at this juncture, the Court will

---

[150] *Id.* at 359.

[151] *Id.*

[152] *Id.* at 360.

[153] *Id.*

28

not impose the "drastic remedy"[154] of an injunction. Rather, the Court reminds Plaintiff that his *pro se* status provides him with "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[155] Courts addressing any subsequent similar claims made by Plaintiff may observe, as this Court does here, that Plaintiff's claims had been previously been dismissed as frivolous. Dismissal, and possibly sanctions, may result from further frivolous filings.

## IV. Conclusion

Plaintiff's claims, made against the same defendants and premised upon the same factual and asserted legal basis, have previously been dismissed as frivolous by other United States District Courts. Specifically, the United States District Court for the Northern District of Illinois recently dismissed as frivolous a complaint that appears to be nearly identical to Plaintiff's complaint here, barring Plaintiff's action. Even if these dismissals did not operate as *res judicata* here, Plaintiff's claims lack an arguable basis in fact and have been filed in several courts, making dismissal appropriate pursuant to 28 U.S.C. § 1915(e)(2). Having determined that Plaintiff's claims are barred by *res judicata* and are, in any event, frivolous and malicious, the Court will grant Defendants' and former President Bush's motions to the extent that these motions seek dismissal based on these theories. Since Plaintiff's claims are barred and are frivolous and malicious, the Court need not reach the parties' other arguments for dismissal, and will accordingly deny the parties' motions as moot to the extent that they urge dismissal on other bases. Finally, the Court will deny Defendants' request for an order enjoining Plaintiff from filing further lawsuits, for the reasons stated above.

---

[154] *Ferguson*, 808 F.2d at 360.

[155] *Id.*

Accordingly,

     **IT IS ORDERED** that the pending "Motion to Dismiss the Complaint"[156] and the pending "Motion to Dismiss"[157] are **GRANTED** to the extent that they urge the Court to dismiss Plaintiff's claims as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2) or based on *res judicata*.

     **IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE** as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2).

     **IT IS FURTHER ORDERED** that Defendants' pending "Motion to Dismiss"[158] is **DENIED** to the extent that it urges the Court to impose sanctions.

     **IT IS FURTHER ORDERED** that the pending motions to dismiss[159] are **DENIED AS MOOT** in all other respects.

     **NEW ORLEANS, LOUISIANA**, this 28th day of January, 2015.

                    **NANNETTE JOLIVETTE BROWN**
                    **UNITED STATES DISTRICT JUDGE**

---

[156] Rec. Doc. 21.

[157] Rec. Doc. 63.

[158] Rec. Doc. 21.

[159] Rec. Doc. 21; Rec. Doc. 63.